UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RAFAEL HERNANDEZ,

                                Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
NICHOLAS ANGELLO, SHIELD # 24277, POLICE
OFFICER DANIEL WATSON, SHIELD # 16641,
LIEUTENANT HENRY DAVERIN, JOHN DOES 1-5,

                               Defendants.

**FIRST AMENDED COMPLAINT**

1:22-cv-04706-BMC

Jury Trial Demanded

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, in which the plaintiff alleges that the City of New York and officers employed by the New York City Police Department ("NYPD") violated his rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution by subjecting him to an illegal automobile stop, an illegal search and seizure, false arrest, a denial of a fair trial, a denial of due process and malicious prosecution. Plaintiff also asserts claims against the defendants under New York common law, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 -7, for which defendants have no legal immunity. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York common law and New York City statutory claims under N.Y.C. Admin. Code §§ 8 – 8802 - 07, which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims brought pursuant to New York common law and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 -7, a notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has failed to settle plaintiff's common law and City claims.  Plaintiff also testified at a 50-h hearing.

7. This action is brought within one year and 90 days of the arrest of plaintiff and the dismissal of the criminal charges filed against him.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of Kings.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the NYPD.  The individual defendants acted under color of state law and within the scope of their employment as members

of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

11. On January 7, 2022, at approximately 11:30 p.m., in the vicinity of Meeker and Metropolitan Avenues in Brooklyn, plaintiff was lawfully driving his vehicle with his girlfriend in the front passenger seat, and was illegally stopped by New York City Police Officers, including Officer Nicholas Angello, Officer Daniel Watson and Lieutenant Henry Daverin.

12. There was no basis for stopping plaintiff's vehicle as he had not committed a traffic or criminal offense.

13. The officers used the pretext that plaintiff did not have a valid license and that his windows were illegally tinted as a basis for arresting him so that they could search his vehicle at the precinct.

14. Plaintiff had and has a valid license and his vehicle's windows were not illegally tinted. Effective January 1, 2017, examination of tinted or shaded windows are required during motor vehicle inspections in New York. *See* dmv.ny.gov/registration/tinted-windows#:~:text=Section%20375%20(12%2Da),must%20pass%20through%20the%20window. Plaintiff had and has a valid inspection sticker on his vehicle, which establishes that the tints were legal.

15. After being illegally searched by the officers, plaintiff was arrested and taken to the 94th Precinct, and was never told the reason why he was arrested. One of the officers on the scene told plaintiff that he knew that the arrest was "bullshit," but they had to take him in and would issue him a Desk Appearance Ticket.

3

16. On January 8, 2022, while plaintiff was in custody at the 94th Precinct, the arresting officers, including the defendants, illegally searched plaintiff's vehicle, physically damaging it, and found plaintiff's brother's prescription allergy medicine, Cetirizine (Zyrtec), in its proper bottle. The defendants, acting in concert, falsely claimed that the medication was Oxycodone. There was no basis for the defendants' claim that the allergy medication was a controlled substance, other than to assert false charges and commence a bogus prosecution against plaintiff with malice.

17. Plaintiff was subsequently taken to Brooklyn Central Booking, instead of being issued a Desk Appearance Ticket.

18. While plaintiff was in custody, the defendants, acting in concert, maliciously filed false criminal charges of possession of a controlled substance and illegally tinted windows against plaintiff. Plaintiff was not charged in the Criminal Complaint with driving without a license as he had a valid license, which the defendants knew at all relevant times.

19. Plaintiff was arraigned in Criminal Court, Kings County, approximately 24 hours after his arrest, and released.

20. Plaintiff retained a criminal defense attorney at a substantial cost. Plaintiff's criminal defense attorney proved to the Kings County District Attorney's Office's satisfaction that the alleged controlled substance was plaintiff's brother's allergy medicine in its prescription bottle, which is not a controlled substance.

21. Plaintiff obtained the pharmacy records for his brother's medicine.

22. After plaintiff made court appearances in Criminal Court, Kings County, the criminal and traffic offense charges were dismissed on April 11, 2022.

23. In addition to other damages, plaintiff's car was damaged by the defendants, which plaintiff had repaired at a cost of approximately $1,200, and plaintiff missed a flight to the Dominican Republic, at a cost of approximately $600.

24. As a result of the defendants' actions, plaintiff suffered a loss of liberty, emotional distress, fear, embarrassment, humiliation, an invasion of privacy, and financial loss.

## FIRST CLAIM

### (§ 1983; ILLEGAL SEARCH AND SEIZURE)
### (Against all Defendants)

25. Plaintiff repeats the foregoing allegations.

26. Defendants, acting in concert and under color of state law, stopped, seized, and searched plaintiff and his vehicle without reasonable suspicion or probable cause that plaintiff had committed a crime or traffic offense, violating plaintiff's rights under the Fourth Amendment.

27. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

28. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; FALSE ARREST)
### (Against all Defendants)

29. Plaintiff repeats the foregoing allegations.

30. Defendants, acting in concert and under color of state law, arrested plaintiff without probable cause in violation of the Fourth Amendment.

31. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

32. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

33. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRD CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL/DUE PROCESS)
### (Against all Defendants)

34. Plaintiff repeats the foregoing allegations.

35. Defendants, acting in concert and under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law, specifically that he was driving with illegally tinted windows and illegally possessed a controlled substance, depriving plaintiff of his liberty, in violation of the Fair Trial Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment.

36. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

37. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### FOURTH CLAIM

### (§ 1983; MALICIOUS PROSECUTION)
### (Against all Defendants)

38. Plaintiff repeats the foregoing allegations.

39. Defendants, acting in concert and under color of state law, violated plaintiff's rights under the Fourth Amendment by maliciously misrepresenting to prosecutors that plaintiff was driving a vehicle with illegally tinted windows and illegally possessed a controlled substance, and initiating a prosecution against plaintiff which deprived plaintiff of liberty, and which eventually terminated in plaintiff's favor.

40. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

41. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)
### (Against all Defendants)

42. Plaintiff repeats the foregoing allegations.

43. Defendants, acting in concert and under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth, Sixth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

44. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

45. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

**(ILLEGAL STOP, SEARCH AND SEIZURE & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C. STATUTORY LAW)**
**(Against all Defendants)**

46. Plaintiff repeats the foregoing allegations.

47. Defendants, acting under color of state law and within the scope of their employment, stopped, seized, and searched plaintiff and his vehicle without reasonable suspicion or probable cause that plaintiff had committed a crime or traffic offense, and/or failed to intervene to prevent this, violating plaintiff's rights under New York common law, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 - 07, for which defendants have no legal immunity.

48. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

49. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

50. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

**(FALSE ARREST AND IMPRISONMENT & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C. STATUTORY LAW)**
**(Against all Defendants)**

51. Plaintiff repeats the foregoing allegations.

8

52.     Defendants, acting under color of state law and within the scope of their employment, confined plaintiff, without a legal basis or his consent, and while plaintiff was conscious, and/or failed to intervene to prevent this, violating plaintiff's rights under New York common law, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 - 07, for which defendants have no legal immunity.

53.     Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

54.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

55.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## EIGHTH CLAIM

**(ASSAULT, BATTERY & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C STATUTORY LAW)**

**(Against all Defendants)**

56.     Plaintiff repeats the foregoing allegations.

57.     Defendants, acting under color of state law and within the scope of their employment, touched and made physical contact with plaintiff in an offensive manner without his consent, including by searching and handcuffing him, and/or failed to intervene to prevent this, violating plaintiff's rights under New York common law, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 - 07, for which defendants have no legal immunity.

58.     Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

59. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

60. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### NINTH CLAIM

**(MALICIOUS PROSECUTION & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C. STATUTORY LAW)**

**(Against all Defendants)**

61. Plaintiff repeats the foregoing allegations.

62. Defendants, acting under color of state law and within the scope of their employment, maliciously misrepresented to prosecutors that plaintiff had violated the law and initiated a prosecution against plaintiff which terminated in plaintiff's favor, and/or failed to intervene to prevent this, violating plaintiff's rights under New York common law, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 - 07, for which defendants have no legal immunity.

63. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

64. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

65. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.  Punitive damages in an amount to be determined by a jury;

    c.  Attorney's fees and costs;

    d.  Such other and further relief as the Court may deem just and proper.

DATED:  October 20, 2022

            */s/ Richard Cardinale*
            _____
            RICHARD CARDINALE
            Attorney at Law
            26 Court Street, Suite # 1507
            Brooklyn, New York 11242
            (718) 624-9391
            richcardinale@gmail.com

            MICHAEL HUESTON
            Attorney at Law
            16 Court Street, 35th Floor
            Brooklyn, New York 11241
            (718) 246-2900
            mhueston@nyc.rr.com